**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JEREMIAH MOORE**, *et al.*, : | |
|     Plaintiff, : | |
| : | |
| v. : | **CIVIL ACTION NO. 21-CV-2695** |
| : | |
| **MS. DURAND**, *et al.*, : | |
|     Defendants. : | |

**MEMORANDUM**

**SÁNCHEZ, C.J.**                                                                                             **SEPTEMBER 23, 2022**

      Jeremiah Moore, a former prisoner[1] proceeding *pro se*, initiated this civil rights action in 2021 with respect to alleged violations of his constitutional rights during his incarceration at SCI Phoenix. By prior Memorandum, *see Moore v. Dep't of Corr.*, No. 21-2695, 2022 WL 2240086, at *3 (E.D. Pa. June 22, 2022), the Court granted Moore leave to proceed *in forma pauperis* and dismissed his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The majority of Moore's claims were either dismissed with prejudice or dismissed for lack of subject matter jurisdiction. However, the Court granted Moore leave to file an amended complaint with respect to two claims. Moore filed an Amended Complaint on July 22, 2022. (Am. Compl., ECF No. 12.) For the following reasons, the Court will dismiss Moore's Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Moore filed a change of address with the Clerk of Court on September 13, 2021 indicating he had been released from prison. (ECF No. 5.) Based on a review of the public record related to Moore's underlying criminal offenses, it appears that Moore was a pretrial detainee at the time of the events alleged in the Amended Complaint. *See Commonwealth v. Moore*, CP-46-CR-0006395-2019 (C.P. Montgomery).

I.      **FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

In his original Complaint, Moore alleged that exposure to environmental tobacco smoke ("ETS") at SCI Phoenix in February of 2021 was placing his health at risk because he had asthma and was unable to secure a new housing placement in a cell with a non-smoker. (Compl., ECF No. 2, at 3, 11-13.)  After his multiple requests to be rehoused were not acted upon, Moore alleged that he grieved prison officials' inaction asserting that he was being forced to live under unhealthy conditions because his cellmate smoked. (*Id*. at 3, 14.)  Moore's initial grievance and his two subsequent appeals were rejected. (*Id*. at 3, 14-15, 18-19.)  Based on these allegations, Moore asserted claims that Defendants violated his "10th Amendment of the U.S. Constitution by negligence to render relief" by confining him in unhealthy prison conditions, subjected him to cruel and unusual punishment in violation of the Eighth Amendment, violated his due process rights, and denied him equal protection under the Fourteenth Amendment. (*Id*. at 6-8.)

Upon screening Moore's original Complaint, the Court dismissed several claims without permitting amendment.  Specifically, the Court dismissed Moore's claims for money damages against the Department of Corrections ("DOC"), and other Commonwealth entities that he named because the Commonwealth and its entities are not "persons" as that term is used in 42 U.S.C. § 1983 and because the Eleventh Amendment bars claims for money damages against those entities.  Moore was advised that he could not "reassert another claim for monetary relief against the DOC, the DOC's Chief Secretary's Office of Inmate Grievance and Appeals, or SCI Phoenix in this court." *Moore* , 2022 WL 2240086, at *3.  Additionally, the Court dismissed Moore's "constitutional claim based on the handling . . . of his grievance over his lack of reassignment" with prejudice finding that such a claim was not plausible, and amendment would be futile. *Id.* at *4.  Moore's "claims for declaratory relief, . . . a violation of his First

Amendment freedom of religion, and a violation of the Universal Declaration of Human Rights [were also] dismissed with prejudice." *Id.* at *7.

Two claims were dismissed without prejudice. Moore's Eighth Amendment deliberate indifference claim based on exposure to ETS was dismissed because Moore failed to "allege that the level of ETS to which he was exposed was unreasonable, contrary to contemporary standards, or excessive" and because Moore's allegations related to his symptoms from ETS exposure were "markedly less detailed than those situations where courts have found that symptoms of ETS exposure were sufficient to pass the plausibility threshold." *Id.* at *3-*4. Moore's Eighth Amendment deliberate indifference claim based on an alleged failure to provide medical treatment was dismissed because Moore failed to "assert that any of the named Defendants refused, delayed, or prevented him from receiving needed or recommended medical treatment." *Id.* at *5. Moore was permitted to file an amended complaint with respect to these two claims.

On July 22, 2022, Moore filed his Amended Complaint naming the same individual Defendants that he named in his original Complaint: (1) Ms. Durand, a Unit Manager at SCI Phoenix; (2) K. Owens, the Facility Grievance Coordinator at SCI Phoenix; (3) K. Sorber, Facility Manager at SCI Phoenix; and (4) D. Varner, an Inmate Grievance and Appeals Officer at the DOC's Chief Secretary's Office. (Am. Compl. at 2-3.) The allegations of the Amended Complaint are brief. Moore asserts that "a tort was commit[t]ed against" him while he was incarcerated at SCI Phoenix from February to April of 2021 because he "was forced to live in pollution . . . [and] forced to breathe harmful toxins caused by second hand smoke" despite having asthma – a chronic illness[.]" (*Id.* at 5.) Moore reiterates his assertion that he "suffered to breathe [for] 6 months[,]" and alleges that Durand, Owens, Sorber, and Varner, "all showed

3

negligence to [his] health" in their handling of his requests for a housing transfer, and his related grievances and appeals.[2] (*Id.*) Moore asserts that Defendants violated his rights under the First, Fifth, Eighth, Ninth, and Fourteenth Amendments. (*Id.* at 3.)

Moore claims that these violations resulted in his "pain, suffering, and distress" and that he required relief because he was suffering to breathe, but it was not within the authority of the medical department to rehouse him. (*Id.* at 5, 8.) Moore seeks $250,000 in compensation for his "pains, distress, and sufferings" and $100,000 in punitive damages for negligence. (*Id.* at 5.)

## II.   STANDARD OF REVIEW

The Court previously granted Moore leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se* amended] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts

---

[2] The Court previously dismissed with prejudice any attempt by Moore to assert "a separate constitutional claim based on the handling by the Defendants of his grievance over his lack of reassignment" related to his exposure to ETS. *Moore*, 2022 WL 2240086, at *4 ("Accordingly, the facts alleged by Moore about grievances do not give rise to a plausible basis for a constitutional claim. The dismissal of the grievance claims will be with prejudice since any attempt at amendment would be futile.") To the extent Moore's Amended Complaint seeks to reassert such a claim, it is again dismissed for the reasons previously stated. *Id*.

sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Moore is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 244. The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* "'[P]ro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 245). However, "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App' x 173, 175 n.3 (3d Cir. 2019).

### III. DISCUSSION

Moore seeks money damages due to alleged violations of his civil rights. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.[3] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the

---

[3] Much like his original Complaint, Moore continues to allege that Defendants acted negligently with respect to his exposure to ETS while incarcerated at SCI Phoenix. (*See, e.g.*, Am. Compl. 5) ("Ms. Durand, K. Owens, K. Sorber, D. Varner all showed negl[i]gence to my health . . ."); (*id.*) (requesting punitive damages "for negl[i]gence"); (*cf. id.*) (asserting that "[t]here was a tort commit[t]ed against" Moore). However, Moore specifically seeks to bring his claims under § 1983, and repeatedly asserts that Defendants violated his constitutional rights. (*See id.* at 3) (affirmatively checking the box to bring a claim under § 1983 and citing alleged violations of various Constitutional Amendments); (*see also id.* at 5) (alleging that Defendants conduct was "in violation of [his] Constitutional rights."). Accordingly, the Court analyzes Moore's claims in Amended Complaint under § 1983.

Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Eighth Amendment Deliberate Indifference Claim for Exposure to ETS

The Court understands Moore to again assert an Eighth Amendment deliberate indifference claim against Defendants in their individual capacities based on Moore's exposure to ETS at SCI Phoenix.[4] As the Court previously explained, when a convicted prisoner is exposure to ETS, the legal analysis proceeds under the Eighth Amendment.[5] *Moore*, 2022 WL 2240086, at *3 (citing *Murray v. Wetzel*, No. 17-1637, 2021 WL 5500511, at *2 (M.D. Pa. Nov.

---

[4] Moore's Amended Complaint was filed utilizing the Court's standard form for a prisoner filing a civil rights complaint. In completing this form, Moore checked the box for each Defendant indicating that he seeks to bring his claims for money damaged against them in their official capacities. Moore does not appear to understand the implication of checking the official capacity box. Claims against state employees such as Defendants Durand, Owens, Sorber, and Varner, named in their official capacity are indistinguishable from claims against the Commonwealth. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

Because Moore's Amended Complaint does not attempt to allege an official capacity claim, *see Monell*, 436 U.S. at 694, the Court will liberally construe the Amended Complaint to assert claims against Defendants in their individual capacities instead. *See Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("To determine whether a plaintiff sued state officials in their official capacity, we first look to the complaints and the course of proceedings." (quotations omitted)); *Coward v. City of Philadelphia*, No. 21-1619, 2021 WL 4169422, at *3 (E.D. Pa. Sept. 13, 2021) (permitting claim against defendant in his individual capacity to proceed event though "[plaintiff] did not check the box indicating a desire to sue [that defendant] in his individual capacity" where the allegations clearly sought relief based on the defendant's conduct). Furthermore, this construction of Moore's Amended Complaint is consistent with the Court's prior holding that Moore could not reassert his claims for money damages against the DOC in federal court, even upon amendment of the original Complaint. *See Moore*, 2022 WL 2240086, at *3.

[5] Although it appears on amendment that Moore's ETS claim is brought pursuant to the Due Process Clause of the Fourteenth Amendment, "Eighth Amendment standards are nonetheless applicable as the minimal standard that must be met." *See Aruanno v. Green*, 527 F. App'x 145, 146 n.1 (3d Cir. 2013).

23, 2021) ("It is well established that a prisoner can bring a claim under the Eighth Amendment for exposure "to levels of ETS that pose an unreasonable risk of serious damage" to the inmate's health."); *Mearin v. Swartz*, 951 F. Supp. 2d 776, 780 (W.D. Pa. 2013)). In order to pass statutory screening on an Eighth Amendment claim based on exposure to ETS, a prisoner must allege plausibly that he has been "exposed to unreasonably high levels of ETS contrary to contemporary standards of decency; and . . . that the authorities were deliberately indifferent to the exposure to ETS. *Mearin*, 951 F. Supp. 2d at 780-81 (citing *Brown v. U.S. Justice Dep't,* 271 F. App'x 142, 144 (3d Cir. 2008) (citing *Helling v. McKinney,* 509 U.S. 25, 35 (1993))). The prisoner must allege plausibly that the official was "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. (citing *Wilson v. Burks,* 423 F. App'x 169, 173 (3d Cir. 2011), *quoting Farmer v. Brennan,* 511 U.S. 825, 837 (1994)).

The Court previously found that Moore's allegations failed to meet this standard, and dismissed his claim because he did not "allege that the level of ETS to which he was exposed was unreasonable, contrary to contemporary standards, or excessive." *Moore*, 2022 WL 2240086, at *3. The Court further concluded that Moore's assertions about his exposure – that it "bothered" his asthma, caused him breath problems, and triggered asthma attacks that woke him up at night – were "markedly less detailed than those situations where courts have found that symptoms of ETS exposure were sufficient to pass the plausibility threshold." *Id.* at *4. However, given Moore's contention that he asked Defendant Durand to change his cell assignment because exposure to ETS placed his health at risk, and his asthma was bothered by ETS, the Court granted Moore leave to amend so that he could "flesh out his allegations . . . [and] cure the defects in his ETS claim." *Id.*

7

Despite having the opportunity to amend and cure these defects, Moore's Amended Complaint similarly fails to plead sufficient facts to state a plausible Eighth Amendment claim based on exposure to ETS. The allegations of Moore's Amended Complaint are extremely brief, and do not flesh out any additional details that demonstrate that his exposure to ETS was unreasonable, contrary to contemporary standards, or excessive. Rather, Moore essentially reiterates the allegations of his original Complaint, asserting that he "was forced to live in pollution . . . [and] forced to breathe harmful toxins caused by second hand smoke" despite having asthma – a chronic illness[.]" (Am. Compl. at 5.) Despite the Court's extensive citation to cases where prisoners alleging ETS exposure claims alleged sufficient details to pass the plausibility threshold, *see Moore*, 2022 WL 2240086, at *4 (collecting cases), Moore's Amended Complaint does not provide the Court with any additional details on the precise nature or severity of his symptoms, nor does he provide any further explanation of the extent of his alleged exposure. Instead, Moore primarily repeats his assertions that he "suffered to breathe" for six months, that second-hand smoke caused him to have asthma attacks, and his "right to adequate living was being violated[.]" (*Id.* at 5, 7.) These allegations remain insufficient to allege a plausible Eighth Amendment exposure to ETS claim. As Moore has already been given an opportunity to cure the defects in his Eighth Amendment ETS exposure claim and has been unable to do so, the Court concludes that further amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").

### B. Eighth Amendment Deliberate Indifference to Medical Needs Claim

As the Court previously stated, for a constitutional claim based on the failure to provide medical treatment to be plausible a prisoner must allege facts indicating that prison officials were

deliberately indifferent to his serious medical needs. *Moore*, 2022 WL 2240086, at *5 (citing *Farmer*, 511 U.S. at 835). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.[6] "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

The deliberate indifference claim in Moore's original Complaint was dismissed because it was not entirely clear if he sought to raise a separate claim that any of the named Defendants were deliberately indifferent to his serious medical needs. *Moore*, 2022 WL 2240086, at *5.

---

[6] The standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Moore v. Luffey*, 767 F. App'x 335, 340 n.2 (3d Cir. 2019); *Parkell v. Morgan*, 682 F. App'x 155, 159-60 (3d Cir. 2017) (*per curiam*).

However, the dismissal was without prejudice and Moore was permitted to amend the claim if he could plausibly allege that a named Defendant "refused, delayed, or prevented him from receiving needed or recommended medical treatment." *Id.* The Court also noted, the Defendants named in the original Complaint were not medical providers. *Id.*

Moore's Amended Complaint does not fare any better. Moore once again fails to allege any facts that a named Defendant refused, delayed, or prevented him from receiving needed or recommended medical treatment, nor does he allege that he needed medical care of any kind. He also fails to assert that any Defendants is even a medical provider. Accordingly, Moore has again failed to allege a plausible claim for deliberate indifference to medical needs under the Eighth Amendment.[7] Since Moore was previously granted leave to amend in order to cure the defects in his claim and has been unable to do so, the Court concludes that further amendment would be futile. *See Jones*, 944 F.3d at 483.

---

[7] To the extent Moore's Amended Complaint could be liberally construed to assert state law negligence claims against Defendants, the Court will decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over such claims, having dismissed all of Moore's federal claims with prejudice. The only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Like his original Complaint, Moore's Amended Complaint does not allege the citizenship of the parties, but simply Pennsylvania addresses for himself and the Defendants. This again suggests that Defendants may be Pennsylvania citizens, complete diversity is lacking, and the Court does not have subject matter jurisdiction over these claims. Therefore, any such negligence claims will be dismissed without prejudice to Moore's right to bring those claims in an appropriate state court.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Moore's Amended Complaint with prejudice for failure to state a claim, and his state law negligence claims are dismissed without prejudice for lack of subject matter jurisdiction.  An appropriate order follows.

                              **BY THE COURT:**

                              **/s/ Juan R. Sánchez**
                              **JUAN R. SÁNCHEZ, C.J.**